UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM K.,<br>    Plaintiff,<br>  v.<br>KILOLO KIJAKAZI,<br>    Defendant. | Case No. 20-cv-07542-DMR<br><br>**ORDER GRANTING MOTION FOR ATTORNEYS' FEES**<br>Re: Dkt. No. 31 |

Plaintiff William K. filed a complaint seeking to reverse the Commissioner of the Social Security Administration's administrative decision to deny his application for benefits under the Social Security Act, 42 U.S.C. § 401 *et seq*. The court granted the parties' stipulation to remand the matter for further administrative proceedings. Following remand, an Administrative Law Judge ("ALJ") found that Plaintiff is disabled and entitled to past-due disability benefits. Plaintiff's counsel Young Yim of the Law Offices of Charles E. Binder and Harry J. Binder, LLP (the "Binder firm") now moves for an award of attorneys' fees under 42 U.S.C. § 406(b). [Docket No. 31.] This matter is suitable for resolution without a hearing. Civ. L.R. 7-1(b). For the following reasons, the motion is granted.

**I.    BACKGROUND**

Plaintiff applied for Social Security Disability Insurance ("SSDI") and Supplemental Security Income ("SSI") benefits on February 21, 2018, alleging disability beginning on April 1, 2013. Following a hearing, an administrative law judge ("ALJ") issued a decision finding Plaintiff was disabled beginning on July 25, 2018, which had the effect of granting his application for SSI but not for SSDI. After the Appeals Council denied Plaintiff's request for review, he appealed to this court. [*See* Docket No. 25.] On December 14, 2021, after Plaintiff filed a motion for summary judgment, the court granted the parties' stipulation to remand the matter for further

1  administrative proceedings. [Docket No. 27.] The ALJ issued a favorable decision on November
2  17, 2022, finding that Plaintiff was disabled since the amended onset date of May 26, 2015.
3  [Docket No. 31-3 (Yim Decl. Jan. 19, 2023) ¶ 8.] On December 20, 2022, the Social Security
4  Administration ("SSA") issued a notice discussing Plaintiff's past-due disability benefits in which
5  it indicated that it would award Plaintiff approximately $100,038.12 in past-due disability
6  benefits.[1] Yim Decl. ¶ 9, Ex. C (Notice re: Benefits).

7  The retainer agreement between Plaintiff and counsel permits the Binder firm to request an
8  attorneys' fees award of up to 25% of any past-due benefits awarded. Yim Decl. ¶ 4, Ex. A
9  (Retainer Agreement). Yim is requesting an award of attorneys' fees in the amount of $25,009.53,
10 which is 25% of the estimated total award of benefits. *See* Notice re: Benefits at 3. Of this
11 amount, Plaintiff will be refunded $4,750 for the Equal Access to Justice Act ("EAJA") fees this
12 court approved on January 12, 2022. [*See* Docket No. 30.]

13 Yim served a copy of the motion on Plaintiff on February 6, 2023. [Docket No. 34 (Proof
14 of Service).] No objections have been filed. [*See* Docket No. 33 (setting Mar. 10, 2023 deadline
15 for objections to fee motion).]

16 **II.   LEGAL STANDARD**

17 Under the Social Security Act, an attorney who successfully represents a claimant before a
18 court may seek an award of attorneys' fees not to exceed 25 percent of any past-due benefits
19 eventually awarded. 42 U.S.C. § 406(b). While contingency fee agreements are permissible in
20 Social Security cases, section 406(b) "calls for court review of such arrangements as an
21 independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v.*
22 *Barnhart*, 535 U.S. 789, 807 (2002). In deciding whether a fee agreement is reasonable, courts
23 must consider "the character of the representation and the results the representative achieved."
24 *Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (quoting *Gisbrecht*, 535 U.S. at 808).
25 The court "first look[s] to the fee agreement and then adjust[s] downward if the attorney provided

---

[1] The SSA's December 20, 2022 notice stated that the SSA "usually withhold[s] 25% of past due benefits in order to pay the approved representative's fee," and that it was withholding $25,009.53 from Plaintiff's past due benefits for any fee. Yim Decl. Ex. C.

substandard representation or delayed the case, or if the requested fee would result in a windfall." *Id.* While a court may consider an attorney's lodestar in deciding whether an award of fees under section 406(b) is reasonable, "a lodestar analysis should be used only as an aid (and not a baseline) in assessing the reasonableness of the fee." *Laboy v. Colvin*, 631 F. App'x 468, 469 (9th Cir. 2016).

An award of fees under section 406(b) must be offset by any award of fees under EAJA. *Gisbrecht*, 535 U.S. at 796.

### III.  DISCUSSION

In this case, Yim reports that Yim and another attorney with the Binder firm spent a total of 23.2 hours litigating this case in federal court. Yim Decl. ¶ 7, Ex. B. Granting the request for $25,009.53 in attorneys' fees would result in an effective hourly rate of $1,078 for this case.[2]

Upon considering the record and arguments, the court finds that fees requested are reasonable. First, the requested fee amount does not exceed the statutory maximum of 25%. The hours counsel expended also appear to be reasonable. *See* Yim Decl. Ex. B.

Second, *Gisbrecht* and *Crawford* make clear that lodestar methodology should not drive fee awards under section 406(b). This is because "the lodestar method under-compensates attorneys for the risk they assume in representing SSDI claimants and ordinarily produces remarkably smaller fees than would be produced by starting with the contingent-fee agreement." *Crawford*, 586 F.3d at 1149; *see also Gisbrecht*, 535 U.S. at 806 (emphasizing that the lodestar calculation is intended to govern in fee-shifting cases, not fee awards under section 406(b)).

---

[2] The court calculates the effective hourly rate based on the requested fee award under section 406(b) without first deducting the EAJA fee award that will be refunded to Plaintiff. This is because section 406 establishes the "exclusive regime for obtaining fees for successful representation of Social Security benefits claimants." *Gisbrecht*, 535 U.S. at 795-96. An attorney may receive fee awards under both EAJA and section 406(b) but because section 406(b) fees are exclusive, the attorney must refund to the claimant the smaller of the fee awards. *Id.* at 796. In other words, the fee awards under those statutes are independent of each other and the court must determine whether the total section 406(b) award is itself reasonable. *See Parrish v. Comm'r of Soc. Sec. Admin.*, 698 F.3d 1215, 1217 (9th Cir. 2012) ("[A]n award under § 406(b) compensates an attorney for *all* the attorney's work before a federal court on behalf of the Social Security claimant in connection with the action that resulted in past-due benefits." (emphasis added)); *see also Ainsworth v. Berryhill*, No. 16-cv-03933-BLF, 2020 WL 6149710, at *2 (N.D. Cal. Oct. 20, 2020) (calculating the effective hourly rate before deducting the EAJA award).

Indeed, after *Gisbrecht*, "district courts generally have been deferential to the terms of contingency fee contracts in § 406(b) cases, accepting that the resulting de facto hourly rates may exceed those for non contingency-fee arrangements." *Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003) (Infante, J.).

Third, California district courts have awarded comparable or greater fees under section 406(b). *See, e.g.*, *Truett v. Berryhill*, 2017 WL 3783892, at *2 (S.D. Cal. Aug. 31, 2017) (awarding an attorney 24.9% of the past-due benefits, which resulted in an effective hourly rate of $1,788.62); *Harrell v. Berryhill*, No. 16-cv-2428-TSH, 2018 WL 4616735 (N.D. Cal. Sept. 24, 2018) (awarding $49,584.96 in attorneys' fees, representing an effective hourly rate of $1,213.83 and 24.37% of the past-due benefits); *Ainsworth v. Berryhill*, No. 16-cv-03933-BLF, 2020 WL 6149710, at *2 (N.D. Cal. Oct. 20, 2020) (finding an effective hourly rate of $1,325.34 reasonable); *Ciletti v. Berryhill*, No. 17-cv-05646-EMC, 2019 WL 144584, at *2 (N.D. Cal. Jan. 9, 2019) (granting a fee request for $35,442.00, which constituted 23.47% of the past-due benefits awarded).

Finally, nothing in the record suggests that Yim provided substandard representation. Yim achieved a substantial award of past-due benefits for their client, and as noted, no party objected to the fee request.

In light of the above considerations, the requested fee award is "not excessively large in relation to the benefits achieved." *Crawford*, 586 F.3d at 1151.

## IV.   CONCLUSION

For the reasons stated above, the motion for attorneys' fees is granted. The court awards fees in the amount of $25,009.53. Yim shall refund Plaintiff the $4,750 previously awarded under EAJA.

**IT IS SO ORDERED.**

Dated: March 28, 2023



Donna M. Ryu
Chief Magistrate Judge